**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| ELAINE ERWIN MATULIS,<br>*Plaintiff*,<br><br>v.<br><br>U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, SUCCESSOR IN INTEREST TO BANK OF AMERICA, NATIONAL ASSOCIATION, AS TRUSTEE, SUCCESSOR BY MERGER TO LASALLE BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR MORGAN STANLEY MORTGAGE LOAN TRUST 2007-8XS,<br>*Defendant*. | ) | 3:25-CV-01735 (SVN)<br><br><br><br><br><br>September 23, 2026 |

**RULING AND ORDER GRANTING MOTION TO AMEND AND REMANDING CASE**

Sarala V. Nagala, United States District Judge.

In this breach of contract action, Plaintiff Elaine Matulis ("Plaintiff") alleges that Defendant U.S. Bank, N.A. ("U.S. Bank") breached a warranty deed covenant and purchase and sale agreement by executing a void conveyance of real property to Plaintiff. Plaintiff asserts that U.S. Bank covenanted to deliver clear, marketable, and indefeasible title of a property located on Falcon Ridge Road in Rocky Hill, Connecticut ("the Property"), but that U.S. Bank never acquired title to the Property, rendering its conveyance void. Plaintiff seeks to amend her complaint to assert one additional claim for unjust enrichment against U.S. Bank, and one claim for unjust enrichment against Israel and Antonia Melcon ("the Borrowers"), who gave a mortgage to U.S. Bank secured by the Property and were later sued for foreclosure, and whom she seeks to join to this action as additional defendants.

Before the Court are three motions: Plaintiff's amended complaint, which the Court construes as a motion to amend the complaint, ECF No. 16; Plaintiff's motion to remand this action

to state court, ECF No. 17; and Plaintiff's motion to file a supplemental memorandum of law in support of her motion to remand, ECF No. 33. For the reasons described below, the Court grants Plaintiff's motion to amend, grants Plaintiff's motion to remand, and denies as moot Plaintiff's motion to file supplemental briefing.

## I. FACTUAL BACKGROUND

The facts relevant to this matter include several years of litigation history in Connecticut state court. The facts set forth below are drawn from the operative complaint, ECF No. 1-1, unless otherwise noted.

### A. The Foreclosure Action

Plaintiff's complaint alleges that U.S. Bank holds a mortgage from the Borrowers, which encumbers the Falcon Ridge Road property. Compl., ECF No. 1-1 ¶ 5. In January 2020, U.S. Bank commenced a foreclosure action against the Borrowers in Connecticut Superior Court. *Id.*; *U.S. Bank Nat'l Ass'n v. Melcon*, Case No. HHB-CV-20-6058023-S ("Foreclosure Action").[1] On August 1, 2022, a judgment of strict foreclosure was entered in favor of U.S. Bank that set August 29, 2022, as the law day, the last date for the Borrowers to redeem the mortgage. *See* Foreclosure Action, Dkt. No. 110.02. On August 29, 2022, the Borrowers filed a Chapter 7 Bankruptcy petition, resulting in an automatic stay of proceedings against the Borrowers' assets, including the judgment of strict foreclosure. *See* Foreclosure Action, Dkt. No. 118.00. On October 19, 2022, the U.S. Bankruptcy Court for the District of Connecticut issued an order granting relief from the automatic stay. *Id.* In January of 2023, U.S. Bank filed a motion for reentry of judgment and to reset the law day. Foreclosure Action, Dkt. No. 119.00. The court granted that motion, entered

[1] *See* https://civilinquiry.jud.ct.gov/CaseDetail/PublicCaseDetail.aspx?DocketNo=HHBCV206058023S (last visited September 23, 2026). The Court may take judicial notice of state court dockets and other matters of public record. *See Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006).

judgment of strict foreclosure on April 3, 2023, and reset the law day for May 1, 2023. ECF No. 1-1 ¶ 6; *see also* Foreclosure Action, Dkt. No. 119.02. On May 1, 2023, the Borrowers moved to open the judgment and extend the law days, which the state court denied. ECF No. 1-1 ¶ 7; *see* Foreclosure Action, Dkt. Nos. 129.00, 129.01. On May 24, 2023, U.S. Bank recorded a certificate of foreclosure on the Rocky Hill land records, certifying that title to the property had become absolute in U.S. Bank as of May 3, 2023. ECF No. 1-1 ¶ 8.[2]

On June 27, 2023, U.S. Bank and Plaintiff entered into a Purchase and Sale Agreement ("PSA"), pursuant to which Plaintiff agreed to purchase the property from U.S. Bank for $275,100.00. *Id.* ¶ 9. The PSA required U.S. Bank, as the seller, to deliver a deed warranting against title defects arising by, through, or under U.S. Bank. *Id.* ¶ 10. On June 29, 2023, U.S. Bank conveyed the property to Plaintiff by special warranty deed (the "Deed"). *Id.* ¶ 12.

On August 21, 2023, the Borrowers filed another motion to open the judgment of strict foreclosure, asserting that the law day was never reset after the denial of their prior motion to open, and thus that title never passed to U.S. Bank. *Id.* ¶ 13; *see* Foreclosure Action, Dkt. No. 133.00. The Superior Court denied the motion, finding that its denial of the Borrowers' first motion to open stayed the applicable law day until the twenty-day appeal period expired on May 22, 2023. Foreclosure Action, Dkt. No. 133.01. Because the Borrowers did not appeal within that timeframe, no stay was in effect after the twenty-day period and, "by operation of law," the new law day was May 22, 2023. *Id.* According to the Superior Court, title actually vested in U.S. Bank on May 24, 2023, depriving the Superior Court of subject matter jurisdiction to hear the motion to open the judgment. *Id.*

---

[2] *See also* Search IQS, Rocky Hill, CT, Borrower Last Name: Melcon, available at https://www.searchiqs.com/ctrock/ImageViewerMP.aspx?CustomView=Search%20Results&SelectedDoc=L|305216&SelectedRowIndex=5 (last visited September 23, 2026).

After the Superior Court denied the Borrowers' motion to open, the Borrowers appealed the denial of the motion to open on the basis that Connecticut state law does not provide for law days to automatically reset after the expiration of an appellate stay. ECF No. 1-1 ¶ 13; *see U.S. Bank Nat'l Ass'n v. Melcon*, 234 Conn. App. 667, 672 (2025) ("Foreclosure App.").[3] On August 26, 2025, the Appellate Court held that "law days do not automatically reset after the conclusion of an appeal period in which no appeal is filed," such that title did not vest in U.S. Bank on May 24, 2023, as the Superior Court believed; thus, the Superior Court had subject matter jurisdiction over the case and improperly denied the Borrowers' motion to open on the basis that it lacked jurisdiction. Foreclosure App., 234 Conn. App. at 685–86. The Appellate Court reversed the denial of the motion to open and remanded the matter "for the purpose of making a new finding as to the amount of the debt, for the setting of new law days, and for other proceedings according to law." *Id.*

B. The Present Action

Plaintiff initiated this action in Connecticut Superior Court on September 29, 2025, asserting that U.S. Bank had breached the PSA and warranty deed covenant by purporting to convey property to which it did not hold title. *Matulis v. U.S. Bank Nat'l Assn., as Trustee, Successor in Interest to Bank of America, National Association, as Trustee, Successor by Merger to Lasalle Bank National Association, as Trustee for Morgan Stanley Mortgage Loan Trust 2007-8XS*, Case No. HHD-CV25-6211938-S.[4] On October 15, 2025, prior to filing a response to the complaint, U.S. Bank filed a notice of removal in this Court. Not. of Removal, ECF No. 1, at 2;

---

[3] *See* https://appellateinquiry.jud.ct.gov/CaseDetail.aspx?CRN=90457&Type=AppealNoeme/Appellate Case Look-up (last visited September 23, 2026).
[4] *See* https://civilinquiry.jud.ct.gov/CaseDetail/PublicCaseDetail.aspx?DocketNo=HHDCV256211938S (last visited September 23, 2026).

*see also* Return of Service, ECF No. 1-1, at 11. On October 22, 2025, U.S. Bank answered the complaint. Answer, ECF No. 12.

Plaintiff, with U.S. Bank's consent, sought an extension of time until December 1, 2025, to move to remand, which the Court granted. *See* Mot. for Ext. of Time, ECF No. 13; Order, ECF No. 14. Plaintiff did not seek, and the Court did not grant, an extension of time in which to file an amended complaint. On November 26, 2025, Plaintiff filed her motion to remand, Mot. to Remand, ECF No. 17, along with an amended complaint, which the Court construed as a proposed amended complaint because Plaintiff's time to amend as of right had expired, Am. Compl., ECF No. 16; *see* Order, ECF No. 30.

The proposed amended complaint preserves Plaintiff's preexisting claims against U.S. Bank and seeks to add two new claims: Count Three, asserting unjust enrichment by U.S. Bank, and Count Four, asserting unjust enrichment by the Borrowers. ECF No. 16 at 4–5. The amended complaint asserts largely the same operative facts asserted in the original complaint, but adds allegations that Plaintiff has "incurred substantial carrying costs with respect to the Property, including real estate taxes, insurance premiums, and maintenance required to prevent blight liens from attaching to the Property." *Id.* at 3. Plaintiff alleges that U.S. Bank has refused to reimburse Plaintiff for such payments, which, among other things, have prevented senior liens from attaching to the Property and eroding the value of the mortgage, unjustly enriching U.S. Bank as a result. *Id.* at 4. Plaintiff further asserts that the Borrowers have retained possession of and occupied the property, and, like U.S. Bank, have refused to reimburse Plaintiff for her losses related to carrying costs, despite benefiting from the payments she has made—thereby unjustly enriching themselves. *Id.* at 4–5. Plaintiff seeks to remand this case to state court on the basis that the amended complaint, which purports to add the Borrowers as Defendants, destroys complete diversity since the

Borrowers, like Plaintiff, are citizens of Connecticut. Memo. Re: Mot. to Remand, ECF No. 18 at 1.

C. <u>The Pending Motions</u>

U.S. Bank moved to strike the amended complaint on the grounds that it was filed without U.S. Bank's consent or leave of the Court. Mot. to Strike, ECF No. 25. Plaintiff, in response, acknowledged that she mistakenly filed the amended complaint without first seeking leave to do so, and requested that the Court treat the amended complaint as a motion for leave to amend pursuant to Fed. R. Civ. P. 15(a)(2). Opp. to Mot. to Strike, ECF No. 28 at 2–3. The Court denied U.S. Bank's motion to strike, but allowed it to respond to Plaintiff's motion for leave to amend. *See* Order, ECF No. 30.

U.S. Bank opposes Plaintiff's motion for leave to amend and, as a result, her motion to remand, on the grounds that the proposed amendment is futile and does not comport with principles of fundamental fairness, and that Plaintiff has failed to establish entitlement to joinder of the Borrowers. Opp to Mot. to Remand, ECF No. 24; Opp. to Mot. to Amend, ECF No. 31. Plaintiff replied in support of both motions. Reply on Mot. to Remand, ECF No. 29; Reply on Mot. to Amend, ECF No. 32.

Several months later, in June of 2026, Plaintiff filed a motion for leave to file a supplemental memorandum of law, relating to purported developments in the Foreclosure Action, in support of her motion to remand. Mot. to File Supp. Memo., ECF No. 33. U.S. Bank objects, arguing there is no good cause for further briefing. Opp. to Mot. to File Supp. Memo, ECF No. 34.

## II. LEGAL STANDARD

### A. Motion to Amend Complaint

A plaintiff may amend her complaint once, as a matter of course, within 21 days after serving it, or within 21 days after the service of a responsive pleading or a motion to dismiss under Fed. R. Civ. P. 12(b), (e), or (f). Fed. R. Civ P. 15(a)(1). Outside of these enumerated circumstances, however, a plaintiff seeking to amend must either move the court for leave or obtain the opposing party's written consent for an amendment. Fed. R. Civ. P. 15(a)(2).

Rule 15(a)(2) is a generally lenient standard, under which "[t]he court should freely give leave [to amend] when justice so requires." *Id.* Courts will deny a proposed amendment under Rule 15(a)(2) only "upon a showing of 'undue delay, bad faith, dilatory motive, or futility.'" *Sacerdote v. New York University*, 9 F.4th 95, 115 (2d Cir. 2021). An amendment is futile if it "could not withstand a motion to dismiss" under Rule 12(b)(6). *Balintulo v. Ford Motor Co.*, 796 F.3d 160, 164–65 (2d Cir. 2015) (citation omitted). "Put differently, a proposed claim is futile if, accepting the facts alleged by the party seeking amendment as true and construing them in the light most favorable to that party, it does not 'plausibly give rise to an entitlement to relief.'" *Brach Fam. Found., Inc. v. AXA Equitable Life Ins. Co.*, No. 16-CV-740 (JMF), 2018 WL 1274238, at *1 (S.D.N.Y. Mar. 9, 2018) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). Allegations that are "legal conclusions, [or] threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not alone be sufficient. *Balintulo*, 796 F.3d at 165 (citation omitted). "The party opposing a motion to amend bears the burden of establishing that amendment would be futile." *Brach Fam. Found., Inc.*, 2018 WL 1274238, at *1.

### B. Amendment to Join Non-Diverse Parties

When a plaintiff seeks to amend a complaint to add a party whose presence would destroy diversity jurisdiction, 28 U.S.C. § 1447(e)—rather than Federal Rule of Civil Procedure 15—

supplies the relevant standard. *Isaly v. Boston Globe Media Partners, LLC*, 650 F. Supp. 3d 106, 111–12 (S.D.N.Y. 2023) (collecting cases), *aff'd*, No. 23-67-CV, 2023 WL 6439901 (2d Cir. Oct. 3, 2023) (summary order). Section 1447(e) provides: "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). "The decision whether to admit the new parties is within the sound discretion of the trial court." *Briarpatch Ltd., L.P. v. Pate*, 81 F. Supp. 2d 509, 515 (S.D.N.Y. 2000) (citing *Wyant v. National R.R. Passenger Corp.,* 881 F. Supp. 919, 921 (S.D.N.Y. 1995)); *see also Chen v. Zhang*, No. 24-CV-9050 (VSB), 2025 WL 785744, at *5 (S.D.N.Y. Mar. 12, 2025) (recognizing that, although permitting joinder of non-diverse defendants "would destroy the federal basis for jurisdiction and thus result in a remand, whether to grant a motion to amend to add a non-diverse defendant is a discretionary, rather than jurisdictional, inquiry").

C. <u>Motion to Remand</u>

Under 28 U.S.C. § 1441(a), a defendant may remove any civil action brought in state court over which the federal district court has original jurisdiction. Relevant here, federal district courts have "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). "The Supreme Court has interpreted 'citizens of different States' to grant jurisdiction only 'if diversity of citizenship among the parties is complete, *i.e.*, only if there is no plaintiff and no defendant who are citizens of the same State.'" *Platinum-Montaur Life Scis., LLC v. Navidea Biopharms., Inc.*, 943 F.3d 613, 617 (2d Cir. 2019) (quoting *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998)). The party opposing a motion to remand bears the burden of showing that federal jurisdiction is proper. *Montefiore Med. Ctr. v. Teamsters Loc. 272*, 642 F.3d

321, 327 (2d Cir. 2011); *Aurora Loan Servs., LLC v. Koellmer*, No. 3:16-CV-233 (VAB), 2016 WL 9818438, at *1 (D. Conn. Apr. 5, 2016).

## III. DISCUSSION

The Court holds that Plaintiff's motion for leave to amend is properly GRANTED. As a result, because complete diversity is lacking in the amended complaint, Plaintiff's motion for remand must also be GRANTED.

### A. Motion to Amend

As noted above, Plaintiff's proposed amended complaint preserves the allegations and causes of action asserted in the original complaint, while adding factual allegations to support the assertion of two additional causes of action: a claim of unjust enrichment by U.S. Bank, and a claim of unjust enrichment by the Borrowers. *Compare* ECF No. 1-1 *with* ECF No. 16. To the extent Plaintiff's proposed amended complaint asserts additional claims against U.S. Bank, the motion to amend must be evaluated pursuant to Fed. R. Civ. P. 15(a)(2). *See Sacerdote*, 9 F.4th at 115. To the extent the proposed complaint asserts claims against two new Defendants whose joinder would defeat complete diversity and necessitate remand, the motion to amend must be evaluated pursuant to Fed. R. Civ. P. 20 and an analysis of "fundamental fairness." *See Briarpatch Ltd.*, 81 F. Supp. 2d at 515; *Isaly*, 650 F. Supp. 3d at 114 ("[C]ourts . . . generally apply Federal Rule of Civil Procedure 20 and a test of fundamental fairness to determine whether the amendment should be permitted to stand and destroy the jurisdictional basis that supported removal in the first instance."). The Court analyzes each issue in turn. *See*, *e.g.*, *Tripathy v. Schneider*, No. 21-CV-6392 (FPG), 2022 WL 17421183, at *2, n.2 (W.D.N.Y. Oct. 13, 2022), *report and recommendation adopted*, No. 21-CV-6392 (FPG), 2022 WL 16958616 (W.D.N.Y. Nov. 16, 2022) (evaluating proposed additional claims under both Rule 15 and Rule 20).

*1. Amendment to Add Causes of Action*

The Court finds that it is appropriate to permit Plaintiff's proposed causes of action for unjust enrichment against both the Borrowers and U.S. Bank.

As an initial matter, the record does not suggest, and U.S. Bank does not argue, that Plaintiff's proposed amendment reflects "undue delay, bad faith, [or] dilatory motive." *See Sacerdote*, 9 F.4th at 115. Accordingly, the Court focuses its inquiry at this stage on whether the proposed additional claims are futile.

First, the Court concludes that the claim for unjust enrichment is not futile as to the Borrowers. Plaintiffs seeking recovery for unjust enrichment under Connecticut law "must prove (1) that the defendants were benefited, (2) that the defendants unjustly did not pay the plaintiffs for the benefits, and (3) that the failure of payment was to the plaintiffs' detriment." *Vertex, Inc. v. City of Waterbury*, 278 Conn. 557, 573 (2006) (citation omitted). Plaintiff's proposed Count Four pleads each element: first, it asserts that the Borrowers benefitted from Plaintiff's payment of "real estate taxes, insurance premiums, and maintenance required to prevent blight liens from attaching" while retaining possession of the property, as such payments "among other things, prevented liens from attaching to the Property and further eroding [the Borrowers'] equity in the Property." ECF No. 16 at 3–5. Second, it asserts that the Borrowers have refused to reimburse Plaintiff for the benefits, while accepting Plaintiff's payments. *Id.* at 3–5. Third, Count Four asserts that the failure of payment was to Plaintiff's detriment, given that Plaintiff has made tax, insurance, and maintenance payments for more than two years without reimbursement. *Id.* at 3, 5.

The Court rejects U.S. Bank's contention that Plaintiff's unjust enrichment claim against the Borrowers fails because the Borrowers were required to make payments to the escrow account held by U.S. Bank for taxes and insurance, and because U.S. Bank then added these amounts to

the debt covered by the mortgage. ECF No. 24 at 9.[5] It is true that, even where a plaintiff demonstrates that the defendant obtained a benefit, an unjust enrichment claim may fail where the defendant paid a third party for such benefits, such that the enrichment is not unjust. *Providence Elec. Co. v. Sutton Place, Inc.*, 161 Conn. 242, 246 (1971) ("[P]laintiff has clearly demonstrated that [Defendant] has derived a benefit: Electrical appliances were installed in its apartments. If, however, [Defendant] has paid its contractor . . . for those appliances, then the enrichment, in the absence of fraud, has not been unjust."). But this doctrine does not render Count Four futile, as U.S. Bank asserts. *See* ECF No. 24 at 8–9 (citing *Synesis, Inc. v. Martinez & Assocs*., No. CV-04-0830656, 2006 WL 1230096, at *5 (Conn. Super. Ct. Apr. 19, 2006)).

First, U.S. Bank makes unsubstantiated factual assertions about the contents of its mortgage note with the Borrowers, without providing a copy of the mortgage documents. *See Giannullo v. City of New York*, 322 F.3d 139, 142 (2d Cir. 2003) (a "memorandum of law . . . is not evidence."). U.S. Bank's attachment of an affidavit of debt does not, as U.S. Bank suggests, substantiate the claim that amounts already paid by the Borrowers (as opposed to payments advanced by U.S. Bank) would become part of the mortgage debt. It likewise does not necessarily support U.S. Bank's suggestion that amounts paid by Plaintiff would "be additional debt that the Borrowers were required to pay to U.S. Bank." *See* ECF No. 24 at 9. Second, even if the Court were to adopt U.S. Bank's description of the contractual arrangement (which it cannot, without the contract), such a scenario still would not render the Borrowers' alleged enrichment "not unjust." There is no indication that the Borrowers have paid U.S. Bank for the benefits allegedly received as a result of Plaintiff's payments. Indeed, given that the Borrowers are in foreclosure, the Court presumes they have *not* paid U.S. Bank for the various carrying costs, such as taxes and insurance.

[5] U.S. Bank has not provided a copy of the mortgage agreement or note governing its relationship with the Borrowers.

Accordingly, the scenario described in *Providence Electric* is not present here, and Count Four is not futile.[6]

Nor is Count Three futile as to U.S. Bank. U.S. Bank accurately states that, under Connecticut law, a plaintiff cannot recover under both breach of contract and unjust enrichment, but may plead these theories in the alternative if there is a dispute about whether there is an enforceable contract. *See Blassberg v. Lhakpa Sherpa*, No. 3:24-CV-02034 (MPS), 2026 WL 1801128, at *14 (D. Conn. June 23, 2026); *see also Burwick v. W.-Com & TV, Inc.*, No. 3:25-CV-1497 (VDO), 2026 WL 1992256, at *4 (D. Conn. July 9, 2026). On the other hand, where is no dispute about whether there is an enforceable contract and the unjust enrichment is based on an alleged wrong separate from the contract, the theories need not be pleaded in the alternative. *See Costoso v. Bank of America, N.A.*, 74 F. Supp. 3d 558, 574–75 (E.D.N.Y. 2015) (describing similar principle under New York law); *cf. Metzner v. Quinnipiac Univ.*, 528 F. Supp. 3d 15, 34–35 (D. Conn. 2021) (permitting unjust enrichment claim pleaded in the alternative where there was a dispute about the existence of an enforceable contract).

Here, there is no dispute between the parties about whether the PSA between Plaintiff and U.S. Bank was enforceable, and thus Plaintiff's proposed unjust enrichment claim need not be pleaded in the alternative to her breach of contract claims. Instead, Plaintiff's proposed unjust

[6] The doctrine of fraudulent joinder does not apply in this matter, despite U.S. Bank's argument to the contrary. *See* ECF No. 24 at 6 ("[T]he proposed amendments are futile [and] any joinder would be fraudulent"). Fraudulent joinder is a "'legal term of art [used] to refer to the joinder of unnecessary or nominal parties in order to defeat federal jurisdiction.'" *Kuperstein v. Hoffman-Laroche, Inc.*, 457 F. Supp. 2d 467, 470 (S.D.N.Y. 2006) (quoting *Nosonowitz v. Allegheny Beverage Corp.*, 463 F. Supp. 162, 163 (S.D.N.Y. 1978)). The doctrine is typically invoked to prevent a plaintiff from defeating federal court diversity jurisdiction "by improperly joining as a defendant a non-diverse party with no real connection to the controversy." *Bounds v. Pine Belt Mental Health Care Res.*, 593 F.3d 209, 215 (2d Cir. 2010); *see also Brown v. Eli Lilly & Co.*, 654 F.3d 347, 356 (2d Cir. 2011). In a case of fraudulent joinder, courts "overlook the presence of a non-diverse defendant if from the pleadings there is no possibility that the claims against that defendant could be asserted in state court." *Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc.*, 373 F.3d 296, 302 (2d Cir. 2004); *accord Bounds*, 593 F.3d at 215. As the Court has just described, Plaintiff's claim against the Borrowers is not futile, and the Borrowers have a "real connection to the controversy." Accordingly, the fraudulent joinder doctrine does not bar the proposed amendment or joinder of the Borrowers.

enrichment claim is premised on losses distinct from those Plaintiff may have suffered from U.S. Bank's alleged breach the PSA and warranty deed: the new claim alleges that, *after* the sale transaction, Plaintiff paid carrying costs that benefited U.S. Bank by preserving the value of the Property and preventing the attachment of liens, but for which U.S. Bank did not compensate Plaintiff. Thus, the general rule that unjust enrichment must be pleaded in the alternative to breach of contract does not apply. And Plaintiff's incorporation of the breach of contract allegations likewise poses no hurdle to assertion of the new unjust enrichment claim against U.S. Bank. Indeed, the factual allegations underlying Plaintiff's breach of contract claims lay the foundation for her new unjust enrichment claim against U.S. Bank, as it is U.S. Bank's alleged failure to pass clear title to Plaintiff that renders her payment of the carrying costs for the Property unjust.[7]

*2. Amendment to Join Non-Diverse Parties*

Next, the Court finds that joinder of the Borrowers as Defendants is appropriate in this matter. "District courts in this circuit have generally agreed that in exercising the discretion whether to admit new parties, 'courts first consider whether joinder would be appropriate under Rule 20 of the Federal Rules of Civil Procedure.'" *Briarpatch Ltd.*, 81 F. Supp. 2d at 515 (quoting *Wyant*, 881 F. Supp. at 922)); *see also Isaly*, 650 F. Supp. 3d at 114 ("First, the Court must determine whether the parties were properly joined under Federal Rule of Civil Procedure 20."). Rule 20 permits joinder of additional defendants when "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Second, the joinder must be

[7] To the extent Plaintiff ultimately prevails on Counts One and Two and the carrying costs are awarded as consequential damages on those counts, Plaintiff, of course, cannot doubly recover through her unjust enrichment claim.

"consistent with principles of fundamental fairness." *Isaly*, 650 F. Supp. 3d at 114 (quoting *Nazario v. Deere & Co.*, 295 F. Supp. 2d 360, 363 (S.D.N.Y. 2003)); *Briarpatch Ltd.*, 81 F. Supp. 2d at 515. The relevant factors are "(1) any delay and the reason for delay, (2) prejudice to the defendant, (3) the likelihood of multiple litigation, and (4) the plaintiff's motivation in seeking joinder." *Isaly*, 650 F. Supp. 3d at 114; *see also Chen*, 2025 WL 785744, at *5.

a. Rule 20

The Court concludes that joinder of the Borrowers as defendants is proper under Fed. R. Civ. P. 20.

First, Plaintiff's breach of contract claim and her proposed unjust enrichment claim against the Borrowers arise out of the same "series of transactions or occurrences." What constitutes the "same transaction or occurrence" under Rule 20 "is approached on a case by case basis," *Kehr ex rel. Kehr v. Yamaha Motor Corp., U.S.A.*, 596 F. Supp. 2d 821, 826 (S.D.N.Y. 2008), but in construing the term under Rule 20, courts in this Circuit apply the "logical relationship" test that the Second Circuit applies in the context of Rule 13. *See*, *e.g.*, *Jumpp v. Thibodeau*, No. 3:19-CV-1723 (KAD), 2019 WL 6828323, at *1, n.1 (D. Conn. Dec. 12, 2019) (citing *Barnhart v. Town of Parma*, 252 F.R.D. 156, 160 (W.D.N.Y. 2008)); *Owens v. Connecticut*, 771 F. Supp. 3d 92, 95 & n.1 (D. Conn. 2025); *Colonial Funding Network, Inc. v. McNider Marine, LLC*, No. 17-CV-2644 (LGS), 2017 WL 5633160, at *3 (S.D.N.Y. Nov. 21, 2017). Under that test, "whether a counterclaim arises out of the same transaction as the original claim depends upon the logical relationship between the claims and whether the 'essential facts of the various claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit.'" *Jumpp*, 2019 WL 6828323, at *1 (quoting *Harris v. Steinem*, 571 F.2d 119, 123 (2d Cir. 1978)); *see also Owens*, 771 F. Supp. 3d at 95. "Courts have interpreted the requirements of Rule 20(a) liberally so as to promote judicial economy and to allow related

claims to be tried within a single proceeding." *Allied Van Lines, Inc. v. Triple C Transportation Co.*, No. 03-CV-6426 (CJS), 2007 WL 9779147, at *2 (W.D.N.Y. Apr. 5, 2007); *United States v. Aquavella,* 615 F.2d 12, 22 (2d Cir. 1979) (recognizing that the Second Circuit takes a "broad view" of the relationship between the claims). In this case, Plaintiff's breach of contract claim and her unjust enrichment claims against U.S. Bank and the Borrowers are logically related: U.S. Bank's purported conveyance of the Property, and Plaintiff's alleged payment of taxes, insurance, and the like with respect to the Property are part of the same "series of transactions." Both new causes of action, and the alleged injuries flowing therefrom, are predicated on the invalidity of the conveyance of the Property alleged in the original causes of action.

The unjust enrichment claim against the Borrowers also raises questions of law or fact that are common to all parties. Rule 20 "does not require the commonality of all questions of law and fact raised in the dispute, rather, the requirement is satisfied if there is *any* question of law or fact common to all parties." *Puricelli v. CNA Ins. Co.*, 185 F.R.D. 139, 143 (N.D.N.Y. 1999) (emphasis added). At least one such question is clear from the face of the proposed amended complaint: whether U.S. Bank's conveyance of the Property was invalid because it did not hold title at the time of the transaction. This issue undergirds both Plaintiff's breach of contract claims and her unjust enrichment claims, as Plaintiff's theory is that the Borrowers have been unjustly enriched by her payments *because* U.S. Bank breached its contract to provide her clear title to the Property. Plaintiff's right to relief on her claims against U.S. Bank and the Borrowers appear to rise and fall on that question, among others.

b. Fundamental Fairness

"The inquiry into a request for permissive joinder does not end at the bare prerequisites of Rule 20(a)," however. *Shanshan Shao v. Beta Pharma, Inc.*, No. 3:14-CV-1177 (CSH), 2018 WL 1882855, at *3 (D. Conn. Apr. 19, 2018). The Court must consider whether the proposed joinder

is "consistent with principles of fundamental fairness," evaluating delay, prejudice, the likelihood of multiple litigation, and the plaintiff's motivation in seeking joinder. *Isaly*, 650 F. Supp. 3d at 114; *Briarpatch Ltd.*, 81 F. Supp. 2d at 515.

The first factor—the delay in seeking joinder and the reason for it—does not weigh against joinder. "Delay in seeking amendment is measured from the date of removal." *Isaly*, 650 F. Supp. 3d at 114 (citing *Nazario*, 295 F. Supp. 2d at 363). Here, Plaintiff sought to amend the complaint and remand the case within six weeks of removal, which is not an unreasonable delay. *See Isaly*, 650 F. Supp. 3d at 114 (collecting cases finding that periods of three to six months "did not constitute unreasonable delay," and holding that a delay of only six weeks weighed in favor of joinder). While Plaintiff does not dispute that she had knowledge of possible unjust enrichment claims when she initiated this action, the reason for the delay is logical and practical. Plaintiff incorrectly predicted U.S. Bank's litigation position, believing that naming only U.S. Bank as a Defendant would promote an expeditious resolution of the matter through unwinding the transaction and disgorging proceeds from the conveyance. ECF No. 28 at 2; ECF No. 29 at 6 n.4. When U.S. Bank did not "come to the negotiating table," however, Plaintiff decided to amend her complaint to "protect and preserve all possible avenues of recovery." ECF No. 28 at 2. There is thus "logic to [Plaintiff's] explanation," such that the reason for the delay does not weigh against joinder. *Hudson EFT, LLC v. Westchester Surplus Lines Ins. Co.*, No. 20-CV-8603 (PAE), 2020 WL 6712203, at *5 (S.D.N.Y. Nov. 16, 2020) ("As a matter of litigation strategy, it is coherent that a plaintiff claiming damage from burst frozen pipes would first seek relief from its insurer, and, if less than entirely successful, pursue claims against the property manager. . . "). The present case is distinguishable from this Court's determination in *Cruz v. Signify N. Am. Corp.*, where the plaintiffs' proffered reason for failing to assert known claims at the time of filing was illogical.

*Cf.* No. 3:22-CV-1081 (SVN), 2023 WL 3499579, at *8 (D. Conn. May 17, 2023), *appeal filed*, No. 23-937 (2d Cir.).

The second factor, the prejudice to the defendant, also weighs in favor of joinder, because U.S. Bank acknowledges that joinder at this early juncture would not create prejudice. ECF No. 24 at 12.

The third factor, whether the dismissal of the non-diverse defendant would create a likelihood of multiple litigation, favors joinder. Courts in this Circuit have held that "avoidance of multiple litigation weighs in favor of joinder of a party, even if joinder will defeat diversity." *Juliano v. Toyota Motor Sales, U.S.A., Inc.*, 20 F. Supp. 2d 573, 576 (S.D.N.Y. 1998) (citing *Rosenthal v. Life Fitness Co.,* 977 F. Supp. 597, 600 (E.D.N.Y. 1997) and *Wyant,* 881 F. Supp. at 923). Plaintiff is entitled to pursue all viable claims against U.S. Bank and the Borrowers, and the Court finds that it is in the interest of judicial efficiency and consistency to adjudicate all such claims in one action. *See United States v. Lloyds TSB Bank PLC*, 639 F. Supp. 2d 326, 329 (S.D.N.Y. 2009) ("A plaintiff is entitled to assert all claims or theories of entitlement available to it on the facts and the law. Amending the complaint is sometimes necessary to achieve that purpose."). If joinder is denied in this case, Plaintiff will likely be "'forced to litigate in two different fora to bring [her] claims against all potential tortfeasors, resulting in an inefficient use of judicial resources.'" *Duino v. CEM W. Vill., Inc.*, No. 18-CV-10249, 2020 WL 3249214, at *4 (S.D.N.Y. June 16, 2020) (quoting *Wyant*, 881 F. Supp. at 923). At oral argument, Plaintiff's counsel confirmed that, if joinder is denied, she would pursue her preexisting claims against U.S. Bank in federal court, and separately initiate suit in state court to litigate her unjust enrichment claims against U.S. Bank and the Borrowers. U.S. Bank's argument that Plaintiff herself created

the risk of multiple litigation by omitting the Borrowers from the original complaint, ECF No. 31 at 10–11, does not change this result, for the same reasons described with respect to the first factor.

Finally, the fourth factor—Plaintiff's motivation—does not weigh against joinder. A plaintiff's motivation for seeking joinder and remand is generally "the most significant consideration in the fairness analysis." *Hudson EFT, LLC*, 2020 WL 6712203, at *3 (quoting *Grant v. Johnson & Johnson*, No. 17-CV-3356 (GBD), 2017 WL 6812035, at *3 (S.D.N.Y. Dec. 19, 2017)). Plaintiff does not deny that one of her motivations for seeking joinder is to defeat diversity. *See* ECF No. 29 at 9–10.[8] But this is not her sole motivation, as she explains why the Borrowers were not initially added and why she wishes to avoid duplicative litigation. And if the other three fairness factors favor joinder, a court must permit joinder and remand "unless a plaintiff seeks to add a non-diverse party *solely* to destroy the court's basis for diversity jurisdiction." *McGrath v. Indus. Waste Techs.*, No. 20-CV-2858 (KPF), 2021 WL 791537, at *7 (S.D.N.Y. Feb. 26, 2021) (emphasis original) (quoting *Balfour v. Quest Diagnostics Inc.*, No. 11-CV-4701 (JSR), 2012 WL 335666, at *2 (S.D.N.Y. Feb. 1, 2012)). The record does not suggest that Plaintiff seeks to gain any litigation advantage by avoiding a federal forum; rather, it appears Plaintiff seeks an efficient resolution of this case, and believes joining the Borrowers will serve that goal. Such motives do not weigh against joinder. *See Vanderzalm v. Sechrist Indus., Inc.*, 875 F. Supp. 2d 179, 188 (E.D.N.Y. 2012) ("[T]he fact that a plaintiff is motivated to destroy diversity will not necessarily weigh against joinder and remand where the destruction of diversity

---

[8] Indeed, courts in this Circuit have found that when a plaintiff files an amended complaint and a motion for remand contemporaneously, "[the] timing 'all but compels' the inference 'that the complaint was amended with the deliberate purpose of divesting [the] Court of jurisdiction.'" *Mraz v. JPMorgan Chase Bank, N.A.*, No. 17-CV-6380, 2018 WL 2075427, at *7 (E.D.N.Y. May 3, 2018) (internal citations and quotation marks omitted).

is not to avoid a federal forum, but rather to avoid multiple litigations and promote judicial economy").

Thus, the Court finds that it is appropriate to permit joinder of the non-diverse Borrowers here.

B. Motion to Remand

The sole basis for Plaintiff's motion to remand is that joinder of the Borrowers as defendants divests the Court of subject matter jurisdiction. *See* ECF No. 17; ECF No. 18. Under 28 U.S.C. § 1447(e), once a court permits joinder of a non-diverse party, it is divested of subject matter jurisdiction and remand is mandatory. *See M.S.S. Const. Corp. v. Century Sur. Co.*, No. 15-CIV-2801 (ER), 2015 WL 6516861, at *13 (S.D.N.Y. Oct. 28, 2015). Accordingly, this case must be remanded to Connecticut Superior Court for lack of subject matter jurisdiction. Plaintiff's motion to file a supplemental brief in further support of remand is moot, as the Court need not consider it in determining that remand is required.

## IV. CONCLUSION

For the reasons described herein, Plaintiff's motion to amend, ECF Nos. 16 & 28, is granted in full. As a result, Plaintiff's motion to remand, ECF No. 17, is granted. Plaintiff's motion for leave to file supplemental briefing, ECF No. 33, is denied as moot. The Clerk of Court is respectfully directed to remand this case to Connecticut Superior Court, Judicial District of Hartford.

**SO ORDERED** at Hartford, Connecticut, this 23rd day of September, 2026.

*/s/ Sarala V. Nagala*
SARALA V. NAGALA
UNITED STATES DISTRICT JUDGE